IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SHAH,
    Plaintiff,

v.                                       Civil Action No 04-259 (Erie)

HERBERT BEAM, et al.,
    Defendants.

## DECLARATION OF JOYCE HORIKAWA

In accordance with the provisions of Section 1746 of Title 28, United States Code, Joyce Horikawa hereby declares as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office, Philadelphia, Pennsylvania, as a Senior Attorney Advisor. I have been employed in this capacity since approximately April 8, 2001.

2. As an Attorney Advisor in the Northeast Regional Office of the Federal Bureau of Prisons, I provide legal advice to Bureau of Prisons employees who are assigned to Bureau of Prisons institutions located within the Northeast region of the Bureau of Prisons system. As an attorney advisor, I also provide litigation support to various United Attorney's Offices for litigation arising from any Bureau of Prisons institution located within the Bureau's Northeast Regional Office.

3. Sometime in early June, 2005, I received a packet of mail from the Federal Correctional Institution (FCI), McKean, Pennsylvania. This packet of mail contained three sets of the following documents: (1) a copy of the complaint in the above-captioned civil action, (2) a copy of the summons in the above-captioned civil cation, a Notice of Lawsuit Form, and (3) a Waiver of Summons form in connection with the above-captioned civil action. I noted that the packets were addressed to the following staff members at FCI McKean: (1) Herbert Beam, M.D.; (2) Violette Geza; (3) Charles Todd Montgomery; and (4) Steven LaBozzi.

4. Upon my receipt of this packet of materials, I obtained a copy of the civil docket sheet for this case to determine the status of this case and to determine, what if anything needed to be done with respect to this case.

5. The civil docket sheet showed that in addition to the above-named defendants, Walter Rhinehart, Psy. D., James L. Fletcher, M.D., Dennis Olson, M.D. Bonnie Saylor, and Judith Glenn were named as defendants in their personal capacities. However, after a search of my office, I could not locate service packets to any of the five other defendants.

Also, contact with FCI McKean indicated the service packets for these defendants were received at FCI McKean, and later forwarded to this office. However, the service packets for the five additional defendants had not been received at this office.

6. I contacted FCI McKean to find out the employment status of the named defendants, and was informed that Defendant Fletcher works at the Federal Medical Center (FMC), Devens, Massachusetts, and Defendants Bonnie Saylor and Steven LaBozzi no longer work for the Bureau of Prisons.

7. I contacted FCI McKean, and advised them that if the McKean Defendants would sign the waiver forms and return the signed forms to me, I would forward the signed forms to the United States Marshals Service.

8. On or after June 16, 2005, I received the waiver forms signed by Defendants Geza, Beam, and Montgomery, and forwarded those signed waiver forms to the United States Marshals Service. I was subsequently advised by FCI McKean that defendants Rhinehart, Olson, and Glenn would sign waiver forms, and those forms would be returned directly to the United States Marshals Service from FCI McKean.

9. I wrote letters to the last known addresses of Defendant Bonnie Saylor and Steven LaBozzi, to advise them of this lawsuit and to ask if they would be willing to appoint me as the agent for service of process, so I could waive personal service on their behalf. As of this date neither Defendant Saylor nor Defendant LaBozzi, has responded in writing to my correspondence. However, during a telephone conversation with Defendant Saylor, she indicated she was willing to appoint me as agent for purposes of waiving personal service on her behalf in this case.

10. Contact with FMC Devens indicated that Defendant Fletcher received a packet of materials from the United States Marshals containing a copy of the summons and complaint in this matter, together with a notice of lawsuit and a waiver of service form. I was informed that Defendant Fletcher will waive personal service in this matter, and will return the signed waiver form to the United States Marshals Service.

11. On or about July 1, 2005, the signed waiver forms of Defendants Geza, Beam and Montgomery were returned to me from the United States Marshals Service advising me the period in which the defendants were given to waive personal service had expired, and I would now have to respond directly with the court.

12. It is my understanding that the applicable time frame for the individually named defendants in this case to waive personal service has expired. However, Defendants Herbert Beam, M.D., Violette Geza, Todd Montgomery, Walter Rhinehart, Psy. D., Dennis Olson, M.D., Judith Glenn, and James Fletcher, M.D. are willing to waive personal service. Defendant Bonnie Saylor will appoint me as her agent for waiver of personal service, and upon receipt of written appointment, I will waive personal service on behalf of Defendant Saylor.

13. It is therefore requested that Defendants Rhinehart, Beam, Fletcher, Olson, Geza, Saylor, Glenn and Montgomery be provided an additional 30 days from today's date in which to waive personal service with the United States Marshals Service.

14. With respect to Defendant LaBozzi, the Government requests the court for an additional 60 days in which to locate him, and determine whether he would be amenable to appointing me as agent for purposes of waiving personal service on his behalf.

> I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed on this 5th day of July, 2005.

Joyce Horikawa
Senior Attorney
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, PA